IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TROY B. EDWARDS,

      Petitioner,

          v.                                         Civil Action No. 3:26cv226

PAUL PERRY, *et al.*,

      Respondents.

## MEMORANDUM OPINION

Troy B. Edwards, a federal immigration detainee currently detained in the Caroline

Detention Center, proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition ("§ 2241 Petition,"

ECF No. 1.)[1] Petitioner challenges his detention by Immigration and Customs Enforcement

("ICE"). Respondent has filed an Opposition. (ECF No. 4.) Petitioner has filed a Response.

(ECF No. 5.) For the reasons set forth below, the § 2241 Petition will be dismissed because, at

this juncture, it is not ripe for judicial disposition.

---

[1] The statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless—

    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

    (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(1)–(3).

## I. Procedural History and Claims

On March 27, 2026, the Court received Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In his § 2241 Petition, Petitioner states the following:[2]

Challenge the legality, reasonableness, and duration of detention.

Detention has bec[o]me unreasonable, health issues, financial and family condition.

Wife suffers from medical condition and Medicare is the only source of income causing financial hardship.

I am a Veteran that was promised citizenship.

I am being detained without an individualized bond hearing for NTA defective.

It is the reason I have a notice of appeal and my case is pending at BIA.

(ECF No. 1, at 7.) Petitioner asks for "this Court to grant me a habeas corpus or individualized bond hearing." (ECF No. 1, at 8.)

On April 1, 2026, the Court ordered Respondents to either file a Notice indicating that the factual and legal issues presented in the petition do not differ in any material fashion from those presented in *Duarte Escobar v. Perry, et al.*, 3:25-cv-758 (E.D. Va.), or an Opposition to the § 2241 Petition discussing the material differences between *Duarte Escobar* and the Petition. (ECF No. 2, at 1.) On April 8, 2026, Respondents filed their Opposition arguing that material differences exist from *Duarte Escobar*. (ECF No. 4.) Based on Respondents' arguments, it is appropriate to review the § 2241 Petition under Federal Rule of Civil Procedure 12(b)(1).

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, capitalization, and punctuation from the parties' submissions.

## II. Standards of Review

### A. Standard for Federal Rule of Civil Procedure 12(b)(1)

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the petitioner, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the petition on its face, asserting that the petition fails to state a claim upon which subject matter jurisdiction can lie. *See id.* (citing *Adams*, 697 F.2d at 1219).

Alternatively, a Rule 12(b)(1) motion may challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, "the district court may then go beyond the allegations of the [petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citations omitted). Consideration of evidence outside of the pleadings on a Rule 12(b)(1) motion does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part and dissenting in part) (discussing that motions under Rule 12(b)(1) are not restricted by Rule 12(d)). However, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss 'only if

3

the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans*, 166 F.3d at 647 (citation omitted).

B. **Detention Under 8 U.S.C. § 1225 and § 1226 Generally**

Section 1225(a) of the Immigration and Nationality Act ("INA") provides that "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1). Section 1225 then divides "applicants for admission" into two categories under § 1225(b)(1) and § 1225(b)(2).

Petitioner here is detained under 8 U.S.C. § 1226, not § 1225. Section 1226, in contrast, establishes "the default rule" for detaining and removing aliens "already present in the United States." *Duarte Escobar v. Perry*, 807 F. Supp. 3d 564, 578 (E.D. Va. 2025) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)). Section 1226(a) provides that, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Pending the removal decision, the Attorney General may "continue to detain the arrested alien," "release the alien on . . . bond of at least $1,500," or "release the alien on . . . conditional parole." *Id.* § 1226(a)(1)– (2). Thus, individuals subject to detention under § 1226(a) are entitled to a bond hearing. However, § 1226(c) requires that the "Attorney General shall take into custody any alien who" is convicted of certain crimes of moral turpitude and aggravated felonies, and that such individuals may be released

> only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation.

4

*Id.* § 1226(c)(4).  Additionally, in order to obtain release the detainee must "satisf[y] the

Attorney General that the alien will not pose a danger to the safety of other persons or property

and is likely to appear for any scheduled proceeding." *Id.*   Congress intended mandatory

detention under § 1226(c) to limit the number of aliens convicted of crimes who did not appear

for their deportation proceedings and to prevent them from committing additional crimes

pending those proceedings. *See Demore v. Kim*, 538 U.S. 510, 518–21 (2003).

### III.  Factual Background

"Petitioner is [a] 58-year-old native and citizen of Trinidad and Tobago . . . [who] was

admitted to the United States on July 28, 1987, as a visitor for pleasure (B-2) at the Miami

International Airport." (ECF No. 4-1 ¶¶ 5–6.)  The following summarizes Petitioner's

immigration status:

> 7.      On March 8, 1993, Petitioner adjusted his status to a Conditional Permanent Resident.  On December 1, 1995, the conditions were removed from Petitioner's Permanent Residence.
> 8.      On January 10, 2025, Petitioner was convicted in the Norfolk Circuit for the offense of perjury false statement in violation of VA § 19.2-161 and was sentenced to twelve months imprisonment.  Also on January 10, 2025, Petitioner was convicted in the Norfolk Circuit Court for the offense of Sexual Assault, Object Sexual Penetration by force, threat, intimidation or via mental incapacitation/helplessness of the victim in violation of VA § 18.2-67.2 and sentenced to 10 years and 8 months of imprisonment with 10 years of that sentence suspended.[3]
> 9.      [Enforcement and Removal Operations ("ERO")] encountered Petitioner on July 24, 2025, and issued him a Notice to Appear, charging him with

---

[3] In his Response, Petitioner wholly avoids any mention of his conviction of sexual assault and object sexual penetration.  Instead, he suggests that he was convicted of perjury, a misdemeanor he claims was "misclass[ied]" as an aggravated felony. (ECF No. 5, at 10.) During his hearing with the Immigration Judge too, Petitioner insisted he was only convicted of perjury and also seemingly denied the object sexual penetration conviction. (ECF No. 5-8, at 8–9.)  Petitioner is not being truthful.  In addition to a conviction for perjury, state court records clearly reflect that Petitioner was convicted of object sexual penetration by force and received a sentence of ten years and eight months. *See https://www.vacourts.gov/caseinfo/home*, select "Circuit Court Case Information and Fee Calculation;" and select "Circuit Court Case Information;" select "Norfolk Circuit Court;" and follow "Begin;" select "Appellant/Petitioner,"

5

being removable under 8 U.S.C. § 1227(a)(2)(A)(iii)[4] in that after being admitted, he was convicted of an aggravated felony.  ERO took Petitioner into custody at that time.

10.    The Immigration Court found that Petitioner's conviction was an aggravated felony and sustained the charge of removability on September 8, 2025.  The Immigration Court granted Petitioner's request for a continuance to file an application for relief from removal and gave him until September 25, 2025, to file such an application.

11.    On September 25, 2025, Petitioner appeared for his hearing without an application for relief.  The Immigration Court ordered Petitioner removed.

12.    Petitioner timely filed an appeal with the Board of Immigration Appeals on October 17, 2025.  As of April 3, 2026, that appeal remains pending.[5]

13.    On January 20, 2026, Petitioner, acting *pro se*, filed a "Bond Hearing Request" with the Board of Immigration Appeals (BIA).  The BIA took no action on this request.  There is no record of Petitioner filing a request for bond with the Immigration Court.

(ECF No. 4-1 ¶¶ 7–13.)

## IV. Analysis

### A. Petitioner's § 2241 Petition Requesting a Bond Hearing is Not Ripe

Petitioner seemingly suggests that ICE has improperly detained him subject to 8 U.S.C. § 1225 of the INA, without an individualized bond hearing.  However, Petitioner is not detained under § 1225.  Instead, "because Petitioner obtained lawful permanent residence" he "is being detained pursuant to 8 U.S.C. § 1226 and is eligible to receive a bond determination hearing upon a request from Petitioner under 8 U.S.C. § 1226."  (ECF No. 4, at 1–2.)  In his Response, Petitioner suggests that he asked for a bond hearing three times but was denied.  (ECF No. 5, at

---

type "Edwards, Troy" in box for "Name," and follow "Search by Name" (last visited April 20, 2026).

[4] That statute provides:  "Any alien who is convicted of an aggravated felony at any time after admission is deportable."  8 U.S.C. § 1227(a)(2)(iii).

[5] Briefing is due from Petitioner on May 5, 2026.  *See* https://acis.eoir.justice.gov/en/ (last visited April 14, 2026), type in Petitioner's "A" number, and country of origin and follow "SUBMIT."

6.) However, Petitioner only points to a motion that he made to the Board of Immigration Appeals, not to an Immigration Judge. (ECF No. 5-3, at 3.)[6] The record reflects that Petitioner has never properly requested a bond hearing from an Immigration Judge. (*See* ECF No. 4-1 ¶ 13.) Respondents contend that because Petitioner has never asked for or been denied a bond hearing by an Immigration Judge, he is not being unlawfully detained, and his § 2241 Petition is not ripe. (ECF No. 4, at 3.)

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[ is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

---

[6] Petitioner also attached transcripts from his immigration proceedings. (ECF No. 5-8.) The record reflects that Petitioner may have orally asked about his ability to file a motion for bond, but never actually filed a motion requesting bond. During a hearing with the Immigration Judge, Petitioner asked if he would be able to file a motion for a bond hearing. (ECF No. 5-8. at 7–8.) The Immigration Judge explained that if he "hire[d] an attorney, they can apply for bond. They can argue that it's not an Aggravated Felony, but sir, I'm going to tell you, it's going to be an uphill climb based on that Conviction of an Aggravated Felony." (ECF No. 5-8, at 8.) At a later hearing, the Immigration Judge once again explained that Petitioner could "request Bond in writing, but you have a Removal Order against you" and "it would be difficult for the court to grant you Bond with a pending Removal Order," and "based on your Criminal Conviction alone." (ECF No. 5-8, at 35.)

7

Ripeness is a doctrine used to evaluate whether an actual case or controversy exists, because a court cannot decide a claim that is not ripe for its review. *See Ohio Forestry Ass'n Inc. v. Sierra Club*, 523 U.S. 726, 732–34 (1998). The United States Supreme Court has recognized that "[t]he burden of proving ripeness falls on the party bringing suit." *S.C. Citizens for Life, Inc.*, 301 F. App'x at 220 (alteration in original) (quoting *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006)).

To determine whether a claim is ripe for judicial disposition, "a court must evaluate (i) 'the fitness of the issues for judicial decision' and (ii) 'the hardship to the parties of withholding court consideration.'" *Id.* at 221 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)). A claim for relief "is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted) (citation omitted); *see Miller*, 462 F.3d at 319 ("A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." (citation omitted)).

Here, the Court agrees that Petitioner's claim that he has "been denied an individualized bond hearing" (ECF No. 1, at 1), is not ripe because, at best, it rests upon a future contingency. Nothing in the record reflects that Petitioner has filed a written motion requesting a bond hearing and has been denied a bond hearing by an Immigration Judge. Respondents add that at such a future bond hearing they would argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) because of his criminal convictions and being removable under 8 U.S.C. § 1227(a)(2)(A)(iii), (ECF No. 4, at 2), but this has not happened because Petitioner has not filed a written motion requesting a bond hearing from an Immigration Judge. Respondents cannot seek a determination on bond at this juncture. Petitioner is entitled to ask for a bond hearing

from an Immigration Judge where he can argue that he should not be subject to detention. (ECF No. 4, at 2 (citing *Matter of Joseph*, 22 I. & N. Dec. 709, 805 (BIA 1999) (explaining that a petitioner may argue that, as a lawful permanent resident, he or she "is not properly" included in a mandatory detention category (citation omitted))). Petitioner's claim is not ripe for adjudication because "it rests upon contingent future events that may not occur . . . ." *Texas*, 523 at 300 (internal quotation marks omitted) (citations omitted). Petitioner can only seek the relief he desires if he files a written request for a bond hearing from the Immigration Court and not the BIA. *See Miranda v. Garland*, 34 F.4th 338, 346–47 (4th Cir. 2022) (explaining that the detainee may file an *appeal* of the Immigration Judge's bond determination to the BIA for final review and (citing 8 C.F.R. §§ 236.1(d)(1) & (3), 1003.19(a) & (f), 1236.1(d)(1) & (3))). Accordingly, the Court lacks Article III jurisdiction to consider the § 2241 Petition on the merits at this juncture.[7]

---

[7] In his § 2241 Petition, Petitioner did not specifically challenge the length of his detention, emphasizing instead the fact of his detention and the legality of his deportation proceedings generally. For the first time in his Response, however, Petitioner contends that he has been detained for an impermissibly long period while his removal proceedings are ongoing. (ECF No. 5, at 6–11.) However, Petitioner may not add new claims or allegations in a responsive brief. *See Snyder v. United States*, 263 F. App'x 778, 779–80 (11th Cir. 2008) (refusing to consider petitioner's statement in a reply brief as an attempt to amend his habeas petition to add a new claim); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 847 F. Supp. 2d 843, 851 n.9 (E.D. Va. 2012); *Equity in Athletics, Inc. v. Dep't of Educ.*, 504 F. Supp. 2d 88, 111 (W.D. Va. 2007) (citations omitted) (explaining that "new legal theories must be added by way of amended pleadings, not by arguments asserted in legal briefs"). Nevertheless, even considering the claim, at this juncture, Petitioner has not been detained for an impermissibly long period without a bond hearing.

First, Petitioner has not received a final order of removal, and the matter has been pending on appeal with the BIA since October of 2025. Briefing is due from Petitioner by May 5, 2026. The detention of "a criminal alien" under § 1226(c) "for the limited period of his removal proceedings" is constitutionally permissible. *Demore v. Kim*, 538 U.S. 510, 531 (2003). Respondents suggest that "Petitioner's current nine-month detention is not the length of detention that courts in this district have found to be impermissibly long. *See generally, Portillo v. Hott*, 322 F. Supp. 3d 698 (E.D. Va. 2018)." (ECF No. 4, at 2.) This Court agrees.

### V.  Conclusion

The § 2241 Petition, (ECF No. 1), will be dismissed for lack of jurisdiction.[8]

An appropriate Order shall accompany this Memorandum Opinion.

Date: **5/4/2026**                                                    /s/
Richmond, Virginia                          M. Hannah Lauck
                                            Chief United States District Judge

---

In *Portillo*, the Court set forth a five-factor balancing test to determine whether detention during the pendency of removal proceedings was prolonged and a substantial burden on the petitioner's liberty interest. *Id.* at 707.  The Court explained that "the most important factor" of the test was the length of detention. *See id.*  The Court concluded that fourteen months was prolonged and amounted to a substantial burden on the petitioner's liberty interest on due process grounds and ordered the Government to provide the petitioner with a bond hearing. *Id.* at 708. Courts in the Eastern District of Virginia have found periods of over one year to be too prolonged to detain an individual without providing for a bond hearing. *See Abreu v. Crawford*, No. 1:24-cv-01782 (MSN), 2025 WL 51475, at *5 (E.D. Va. Jan. 8, 2025) (citing cases and finding twenty-five months in immigration detention under § 1226(c) without a bond hearing to violate due process); *Mauricio-Vasquez v. Crawford*, No. 1:16-cv-01422 (AJT/TCB), 2017 WL 1476349, at *4–5 (E.D. Va. Apr. 24, 2017) (ordering bond hearing after fifteen months); *Haughton v. Crawford*, No. 1:16-cv-634 (LMB/IDD), 2016 WL 5899285, at *9 (E.D. Va. Oct. 7, 2016) (ordering bond hearing after twelve months).  At this juncture, Petitioner has been detained since July 24, 2025, less than nine months. (ECF No. 4-1 ¶ 9.)  Petitioner's detention, although lengthy, has not yet approached the time where courts in this district have found a prolonged and substantial burden on his liberty interest. *Portillo*, 322 F. Supp. 3d at 707–08.

Moreover, Petitioner sought a continuation of his own in September of 2025 but then failed to file the application for which he sought extra time.  And to the extent he was not aware earlier, Petitioner now knows that his failure to file a written motion for bond with the Immigration Court has prolonged the delay.

The Court further reminds Petitioner that he is entitled to file a motion for a bond hearing from an Immigration Judge.

[8] On April 24, 2026, Petitioner filed a document entitled, "RELINQUISH REQUEST FOR BOND." ("Request," ECF No. 6.)  Petitioner states that he "submits this Letter to Relinquish or Yield All my Rights to Appeal the Immigration Judge John C. Barnes, decision on my case, and terminate my request for a bond hearing." (ECF No. 6, at 1.)  It is not clear what Petitioner seeks from the Court in this submission.  Petitioner did not state clearly that he wished to dismiss his § 2241 petition.  No matter his request, as the Court has concluded, Petitioner's request for a bond hearing is not ripe for adjudication.  The Request, (ECF No. 6), will be denied.

10